In the Matter of the Probate of the Alleged Last Will and Testament of JONAS STICKNEY, Deceased.

WILLIAM A. BULLARD, as Executor of JONAS STICKNEY, Deceased, Appellant; LORENZO STICKNEY et al., Contestants, Respondents.

1. WILL — NOT REVIVED BY DECLARATION TO OTHERS THAN SUBSCRIBING WITNESSES. A will that has been revoked by a subsequent one which is destroyed by the testator, is not revived by his declaration that he desires his first will to stand, made to others than the subscribing witnesses, and where the persons to whom such declaration was made do not subscribe as witnesses to the will.

2. REPUBLICATION REQUIRES SAME FORMALITIES AS PUBLICATION. It was the intent of the statute (2 R. S. 66, § 53) to require the same formalities and the same proof to establish a republication of a will as are required to establish its original publication; and, hence, a will which has been revoked can be revived only by its republication in the presence of its attesting witnesses.

*Matter of Stickney*, 31 App. Div. 383, affirmed.

(Argued October 24, 1899; decided November 21, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 24, 1898, reversing a decree of the Surrogate's Court of the county of Genesee, directing it to enter a decree refusing to admit to probate the will of Jonas Stickney, deceased, and revoking the letters testamentary issued to William A. Bullard, as executor, and from a judgment entered in pursuance thereof.

Jonas Stickney executed two wills, one about May 1, 1893, the second about May 12, 1893. The former was destroyed by his attorney by his direction. Subsequently, in the summer of 1895, he executed a third will in the forenoon and destroyed it in the afternoon, expressing his regret at having executed it, and saying that he thought he would keep his old will. Subsequently, about a year after the destruction of the third will, he sent for the second will, read it and declared in the presence of two witnesses, " This is my last will and testa-

ment and is just as I want it." Neither of these witnesses was a subscribing witness to the second will. After the testator's death the second will was delivered to the executor named therein, and, upon his petition, was admitted to probate.

*Charles F. Tabor* and *Eugene W. Harrington* for appellant. The testator, at the time of the destruction of the third will, evidenced clearly his intention to revive the second will. (2 R. S. [9th ed.] 1880, §§ 40, 42, 53; *Pickens* v. *Davis*, 134 Mass. 252; *Williams* v. *Williams*, 142 Mass. 515; *Boylan* v. *Meeker*, 28 N. J. L. 274; *Flinthan* v. *Bradford*, 10 Penn. St. 85; *Boudinot* v. *Bradford*, 2 Dall. 266; *Brown* v. *Brown*, 8 El. & Bl. 876; *Burns* v. *Burns*, 4 S. & K. 295.) The testator, after the destruction of the third will, did duly republish his second will. (*Lewis* v. *Lewis*, 11 N. Y. 220; *Trustees, etc.*, v. *Calhoun*, 25 N. Y. 422; *Tarrant* v. *Ware*, 25 N. Y. 425; *Baskin* v. *Baskin*, 36 N. Y. 416; *Matter of Phillips*, 98 N. Y. 267; *Lane* v. *Lane*, 95 N. Y. 494; *Matter of Becket*, 103 N. Y. 167; *Matter of Hunt*, 110 N. Y. 278; *Matter of Johnson*, 23 N. Y. Supp. 353; *Matter of Wolsleys*, 41 N. Y. Supp. 263.) Statutes changing the common law are to be strictly construed, and the latter will be held to be no further abrogated than the clear import of the language used in the statute absolutely requires. (*Fitzgerald* v. *Quann*, 109 N. Y. 441; *Bertles* v. *Nunan*, 92 N. Y. 161; Schouler on Wills [2d ed.], 442; *Jackson* v. *Holloway*, 7 Johns. 394; *Jackson* v. *Potter*, 9 Johns. 312; *Boudinot* v. *Bradford*, 2 Dall. 266; *Tompkins* v. *Hunter*, 149 N. Y. 123; *Newell* v. *People*, 7 N. Y. 9; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *Matter of Miller*, 110 N. Y. 216; *Karst* v. *Gane*, 136 N. Y. 316; *Hoysradt* v. *Kingman*, 22 N. Y. 372; *Gilbert* v. *Knox*, 52 N. Y. 130.) The statute should be liberally construed to give effect if possible to the plain intent of the testator. (*Hoysradt* v. *Kingman*, 22 N. Y. 372; *Coffin* v. *Coffin*, 23 N. Y. 9; *Gamble* v. *Gamble*, 39 Barb. 373.) The third will as expressing the intent of the testator to

revoke the second will had no legal existence. (*Phipps* v. *Van Kleeck*, 22 Hun, 541 ; *Matter of Green*, 67 Hun, 527 ; *Coit* v. *Patchen*, 77 N. Y. 539 ; *Tyler* v. *Gardiner*, 35 N. Y. 559 ; *Marx* v. *McGlynn*, 88 N. Y. 357.)

*Frank W. Ballard* for respondents. The second will of testator was duly revoked by the execution of the third will. (*Matter of Colligan*, 5 Civ. Pro. Rep. 198.) The testator did not duly republish his second will after the destruction of the third will. (2 R. S. 64, 66, §§ 40, 42, 53 ; Williams on Ex. [7th ed.] §§ 206, 214 ; 1 Jarman on Wills, 362 ; Schouler on Wills [2d ed.], §§ 443–446 ; *Matter of Merriam*, 136 N. Y. 58 ; *Matter of Bartholick*, 141 N. Y. 166 ; *Delafield* v. *Parish*, 1 Redf. 1 ; 25 N. Y. 9 ; *Barry* v. *Brown*, 2 Dem. 309 ; *Matter of Hammond*, 16 N. Y. S. R. 977 ; *Matter of Storms*, 3 Redf. 327 ; *Matter of Miller*, 11 App. Div. 337 ; *Jackson* v. *Potter*, 9 Johns. 312 ; *Simmons* v. *Simmons*, 26 Barb. 68 ; *Matter of Forbes*, 24 N. Y. Supp. 841.)

Martin, J. The only question presented for review by this court is whether a will that is revoked by a subsequent one which is destroyed by the testator, is revived by his declaration that he desires his first will to stand, made to others than the subscribing witnesses, and where the persons to whom such declaration was made do not subscribe as witnesses to the will.

Who may make a will, how it shall be executed, how revoked, and after revocation how revived, are controlled by the statutes of the State. (2 R. S. ch. 6, tit. 1.) To constitute a valid will it must be subscribed at the end by the testator, in the presence of or acknowledged to have been so subscribed to at least two attesting witnesses, be declared to be his last will and testament, and be subscribed by each witness at the request of the testator. (§ 40.) A will may be revoked by another will or by a writing declaring such revocation, executed with the same formalities as are required for the execution of a will, or by being destroyed for the purpose

of revoking it by the testator or by another in his presence and with his consent; but, where done by another, the consent and destruction must be proved by at least two witnesses. (§ 42.) If a second will is made, its revocation will not revive the first, unless it appears by the terms of the revocation that it was the testator's intention to revive and give effect to the first, or unless, after such destruction, he shall duly republish his first will. (§ 53.)

Obviously the first sentence of section 53 relates only to the revocation in writing provided for by section 42, and, therefore, to revive a first will under that provision a writing executed with the same formalities as are required for the execution of a will must exist, in which the testator, in express terms, declares his intention to revive and give effect to such former will. The second sentence of section 53 provides the only other method of reviving a prior will where it has been revoked by a second, which has been destroyed, and requires that where the revocation of the second has been by its destruction, the first will must be republished by the testator.

Therefore, the precise question to be determined is whether the declaration of the testator to persons who were not witnesses to his will was a republication thereof within the provisions of this statute.

In determining the meaning of the statute as to the republication of a will which has been revoked, it is proper to first consider the requirements of the statute in regard to the publication of a will. To render the execution of a will effectual, the testator must declare the instrument to be his last will and testament in the presence of at least two subscribing witnesses. It is manifest that such a declaration by the testator to two or even more witnesses who did not subscribe or attest the will, would not be a sufficient publication of it under the statute. The publication must be in the form of a declaration or other communication to the attesting witnesses.

With a clear understanding of the requirements necessary to the proper publication of a will, we are to interpret the provision of the statute relating to the republication of such

an instrument. Is it to be supposed, after all these formalities and safeguards have been provided by statute as to the publication of a will. that a will which has been revoked, so that it is not a will at all, can be revived with less formality or with less or a different kind of proof than would be required to establish its first publication ? We think not.

To publish a will, certain requirements must be observed, which are plainly pointed out in the statute, and when an inoperative and thus invalid will is required to be republished, before it becomes effective, we think the same formalities as to its publication must be observed. So far as its publication is concerned, a revoked will is as if it had never been published. If this will had been executed, but not published, it would hardly be claimed that its publication could be established by proof of the testator's declarations to others than the witnesses who subscribed it. We see no reason why the requirements applicable to the publication of a will should not equally apply to its republication. Any other rule would be in conflict with the obvious spirit and purpose of the statute, and would destroy the safeguards against fraud and improvidence by which the making and publication of wills have been so carefully guarded.

We are of the opinion that it was the intent of the legislature by this statute to require the same formalities and the same proof to establish a republication of a will as are plainly required to establish its original publication, and, hence, that a will which has been revoked can be revived only by its republication in the presence of its attesting witnesses.

No farther discussion of this question seems necessary in view of the very satisfactory opinion of Judge FOLLETT delivered in the court below, where all the authorities bearing upon the question are cited and examined.

The judgment and order should be affirmed, with costs.

All concur, except O'BRIEN, J., not voting, and HAIGHT, J., dissenting.

Judgment and order affirmed.