In the Matter of the Probate of a Paper Propounded as the Last Will and Testament of ANNIE BREWSTER, Deceased.

MARGARET GREENWOOD, Appellant; ANNIE E. PAWSON, Respondent.

*Will — when revoked by a subsequent will, it is not revived by the revocation of the latter.*

The mere revocation of a will which expressly revoked a former will does not revive such former will.

In such a case, in order to revive the former will, it must be republished with the same formalities that are required in the execution of a will.

APPEAL by the petitioner, Margaret Greenwood, from a decree of the Surrogate's Court of the county of Westchester, entered in said Surrogate's Court on the 19th day of June, 1901, denying probate to an instrument purporting to be the last will and testament of Annie Brewster, deceased.

*Smith Lent*, for the appellant.

*John H. Ferguson*, for the respondent.

Decree affirmed, with costs, on the opinion of the surrogate of Westchester county.

All concurred.

The following is the opinion of SILKMAN, S.:

SILKMAN, S. :

The will offered for probate is dated March 16, 1896. The testimony shows that it was signed by the testatrix in the presence of witnesses, and declared by her to be her will and the witnesses were duly requested to sign as such, and they did so in her presence. All the formalities of the execution were carefully attended to, and the instrument would be entitled to probate were it not for the fact that in October, 1898, the testatrix had a will drawn by Mr. Thomas Leary, and it was executed by her in the presence of George S. Edgers and William I. Olmsted as subscribing witnesses. The will was written upon a blank form published by Williamson Law Book Company, publishers, Rochester, N. Y., and entitled " Will (394)."

This form has printed in the body of it the following words: " Hereby revoking all former wills by me made." It also has printed upon it a full and complete attestation clause.

From the testimony of Mr. Leary and of the two subscribing witnesses Olmsted and Edgers, as well as that of Mr. Samuel Watson, who subsequently destroyed the document at the request of the testatrix, I have no doubt that this instrument of October, 1898, was a valid testamentary document and properly executed. We thus have an instrument which is sufficient to revoke the paper offered for probate.

The testimony of Mr. Watson shows clearly the intention of the testatrix to destroy and thereby revoke the second instrument, but this does not reinstate or republish the first.

There can be no mistake in the language of the statute (2 R. S. 66, § 53) " If after the making of any will the testator shall duly make and execute a second will, the destruction, cancelling or revocation of such second will shall not revive the first will, unless it appear by the terms of such revocation that it was his intention to revive and give effect to his first will, or unless after such destruction, cancelling or revocation he shall duly republish his first will."

In order to re-establish the first will it should have been republished with the same formalities that are required in the execution of a will. These formalities are absent here, and any declarations which the testatrix may have made have no probative force or effect. (See *Matter of Stickney*, 31 App. Div. 382; affd., 161 N. Y. 42.)

Let decree and findings be submitted denying probate.