## PAULLY v CROOKS

Ohio Appeals, 5th Dist, Richland Co

Decided October 27, 1931

McBride & Wolfe, Mansfield, for plaintiff in error.

Frank S. Culp and Lewis Brucker, Mansfield, for defendant in error.

MONTGOMERY, J.

The defendant in error, who was plaintiff below, in substantiation of his claim offered evidence to the effect that the decedent, late in the year 1924, duly executed a subsequent will, which, by its terms, gave a substantial portion of the estate to him, John B. Crooks. That will was not produced, and there is no evidence in the record as to what became of it. The legal presumption therefore is that the same was destroyed. There is an absence of any evidence in the record of republication of the will having been admitted to probate. The sole question therefore in the case is whether or not the due execution of a subsequent will, not produced, and presumably destroyed, and inconsistent in part at least with the former will, did in face revive that former will. The petition in error, assigning a number of grounds of error, in effect, raises only this, and the incidental question of the charge of the court to the jury.

The record is silent as to whether or not the will executed in 1924 contained an express clause of revocation of former wills. The evidence which we hold to be competent as to the contents of the second will goes so far only as to show an inconsistency between the two, in that the second will gave a substantial portion of the property to the son, whereas the will admitted to probate gave everything to the daughter.

The defendant in error relies upon the decision of the Supreme Court in the case of **Collins v. Collins, 110 Oh St 105, 143 N. E. 561, 38 A. L. R. 230,** which construes the provisions of §10562 GC, which section reads as follows:

"After making a will, if the testator duly makes and executes a second will, the destruction, cancelling, or revocation of the second will, shall not revive the first will unless the terms of such revocation show that it was his intention to revive and give effect to his first will: or, after such destruction, cancelling, or revocation, he duly republishes his first will."

The first and second paragraphs of the syllabus in the Collins Case are as follows:

"1. To constitute a valid revivor of a revoked will, under §10562 GC, the testator must acknowledge the instrument to be his last will before the witnesses who have already signed his will, or, if before other witnesses, then these witnesses must sign the will at the request of the testator or testator and two witnesses must sign some other written instrument showing such intent; or such testator must republish his will with the same formalities as attended its original execution and publication.

"2. Where several items of a will have been specifically revoked by a codicil and the codicil afterwards destroyed at the testator's direction, the items of the will so revoked cannot be revived by parol declarations of testator to others than the original attesting witnesses to the will, who do not subscribe as witnesses to the will"

The Collins Case distinguishes at some length between the conflicting decisions in England and the several states of the Union with reference to the validity of a former will when there has been executed a subsequent revoking will; and our Supreme Court, after differentiating between the cases, announced that it had decided to follow the English Statute of Victoria and the decisions of New York and other states. Specific reference is made to In Matter of Will of Stickney, 161 N. Y. 42, also reported in 55 N. E. 396, 76 Am. St. Rep. 246. The Stickney Case holds that the destruction, cancellation, or revocation of a second duly executed will does not revive the former will, and that the former one is revived only by a republication, and with the same formalities attending an original publication.

We hold that a will is revoked by a second will duly executed, which contains either words of revocation of former wills or words inconsistent with the provisions of the former will; and, if inconsistent only in part, revokes to that extent the provisions of the former will. We do not agree with the contention of plaintiff in error that this second will was merely ambulatory.

As stated by Page on Wills, volume 1 (2d Ed.) §446:

"The revocation of the later instrument could not revive the prior instrument unless there was a re-execution, or a republication by a later codicil."

Discussing this matter more in detail, Page says, §436:

"If the first will contains a residuary clause, and the second will attempts to dispose of all of the testator's property, the second will operates as a revocation although it contains neither a residuary clause nor a clause of revocation."

In §441, Page says:

"A will which is shown to be substantially inconsistent with an earlier will, will operate as a revocation of the earlier will, even if the later will has been destroyed and it is not possible to show its contents exactly."

To the same effect is 1 Jarman on Wills, page *172, which holds that a subsequent will may have the effect of revoking a prior will, either by reason of an express clause of revocation, or of an inconsistent disposition of the testator's property.

Jarman, at page *175, further holds that to show revocation by implication requires more detailed evidence as to the contents of the lost will, for unless the subsequent will expressly revokes the former one, such former will is only revoked so far as it is inconsistent with the later.

An instructive English case is that of Brown v. Brown, 8 El. & Bl., 876, 120 Eng. R. Rep. 327, which reads:

"A executed a will, and afterwards executed a second will, which he took away with him. On his death the earlier will was found; but the second will could not be found. The solicitor, who prepared the second will, gave evidence, from recollection, of its contents, which were inconsistent with the first will, and revoked it.

"On a case where the Court had power to draw inferences of fact:—Held, that secondary evidence might be given of the contents of the last will, and that the evidence given sufficiently shewed that it revoked the first will.—That the facts that the second will was last seen in the custody of the deceased, and could not be found, raised a presumption that he had destroyed it, animo cancellandi, and cast on those seeking to establish the will the onus of rebutting that presumption; and, this not being done, the Court held that A died intestate."

Lord Campbell, C. J., in his opinion stated:

"The witness stated that in the will there was an express clause of revocation; and I believe that there was such a clause, but, even if there had not been one, the contents of the second will are proved to be such as necessarily to revoke the first. The same property is by the two wills devised to different persons; that is inconsistent; and therefore the first will is revoked."

Coleridge, J., commenting upon the testimony of the scrivener who drew the will, said that he: "States that its provisions were wholly inconsistent with those of the second will; and he obviously knows enough of the second will, which he himself had drawn, to be able to give satisfactory evidence of its contents."

Wightman, J., in his opinion says:

"There is no need to prove the precise words of the last will, if enough appeared to shew that it revoked the first. And the first, being once revoked, could not be revived without reexecution."

We have read with interest the case of Williams v. Miles, 68 Neb. 463, 94 N. W. 705, 96 N. W. 151, 110 Am. St. Rep. 431, 4 Ann. Cas. 306, cited by counsel for plaintiff in error, which case is reported also in 62 L. R. A. 383. It will be observed, however, that the court in its opinion says at page 473 of 68 Neb., 94 N. W. 705, 709:

"It must be shown not merely that there was another will, but also that it contained a revocation clause, or else its contents must be established so as to demonstrate an inconsistency between the instruments requiring the court to hold the one revoked by the other by implication. * * * A subsequent will which has the effect of revoking a prior will may be shown for the purpose of defeating probate of such prior will, although, by reason of its loss or destruction, the exact dispositions made therein can not be shown, and are incapable of execution. It is enough to prove that the lost will revoked the former one. If that much is shown, the contents need not be proved further.

The court, on page 476 of 68 Neb., 94 N. W. 705, 710, further says:

"Hence a complete revocation by implication will not result unless the general tenor of the later will shows clearly that the testator so intended, or the two instruments are so plainly inconsistent as to be incapable of standing together."

It being our view, as hereinbefore indicated, that a will is revoked by the execution of, and is not revived by the subsequent destruction of, a second will duly executed, when the second will contains an express clause of revocation, or is utterly inconsistent with the provisions of the first will; and, further, that, if inconsistent in part with the provisions of the former will, it

revokes the former will to that extent, we now come to the charge of the trial court in the instant case:

The court in this charge said to the jury, "I charge you as a proposition of law, that if Mary E. Crooks executed a second will or subsequent will, according to law, then her first will would be revoked, and the will in controversy would not be the last will and testament of Mary E. Crooks." This, in our judgment, does not correctly state the law. This first will would not be revoked in the absence of a showing that the second will contained a clause of revocation, or was inconsistent with the former will, as herein indicated, and the court should have so charged the jury.

It follows therefore that the judgment of the court of common pleas must be, and the same is hereby, reversed. This cause is remanded to that court for further proceedings.

Judgment reversed, and cause remanded.

SHERICK, PJ and LEMERT, J, concur.