In the Matter of the Estate of Leo J. O'Donovan, Deceased.

Surrogate's Court, Queens County, July 8, 1938.

*Stein & Salant*, for Mary C. O'Donovan, petitioner.

*Nathan J. Stein*, for Leo J. O'Donovan, Jr., objectant.

HETHERINGTON, S. Proponent offers for probate a written instrument executed by decedent on January 24, 1921, which was found in his safe deposit box. Attached thereto was the following memorandum in decedent's handwriting:

" The will dated Jan. 24, 1921 is my last will — A subsequent will dated Jan. 16, 1925 was destroyed Dec. 19, 1933.

LEO J. O'DONOVAN

" *Dec.* 19, 1933."

This memorandum is incorporated in the petition and a copy of the intermediate instrument, which expressly revokes all prior wills, is annexed thereto. The proof taken before me establishes that both original instruments were delivered to the decedent by his attorney some time prior to December 19, 1933. A search for the later instrument has proven fruitless. Testamentary capacity and the due execution of the propounded instrument has been established to my satisfaction. No question is raised as to capacity or due execution with respect to the subsequent instrument. One of the decedent's sons has appeared in the proceeding, and upon the hearing urged that the memorandum of December 19, 1933, was ineffectual to revive the propounded instrument and that it should be denied probate.

The power of a testator to revive or re-establish a testamentary writing, although it may have been revoked by a later instrument which has been destroyed, may be found in section 41 of the Decedent. Estate Law, which provides as follows: " If, after the making of any will, the testator shall duly make and execute a second will, the destruction, canceling or revocation of such second will, shall not revive the first will, unless it appear by the terms of such revocation, that it was his intention to revive and give effect to his first will; or unless after such destruction, canceling or revocation, he shall duly republish his first will." Under the provisions of section 34 of the Decedent Estate Law a written will may be revoked in several ways. Where the testator personally destroys it, the act of destruction must be accompanied by an intention on his part

to revoke the instrument. Although there is no direct proof that the later instrument was revoked by destruction in the manner provided in the statute, the presumption that the decedent destroyed it *animo revocandi* stands in the place of positive proof where it is established, as here, that the will once existed and was in the possession of the decedent and cannot be found after his death. (*Matter of Kennedy*, 167 N. Y. 163; *Matter of Staiger*, 243 id. 468.) No proof has been offered to rebut the presumption.

Under the provisions of section 41, quoted above, the destruction by a testator of a later will does not revive the prior will unless (1) " it appear by the terms of such revocation that it was his intention to revive and give effect to his first will," or unless (2) " after such destruction, canceling or revocation, he shall duly republish his prior will." It is unnecessary to consider the latter method of revival as proponent makes no claim that decedent republished his prior will. It is claimed, however, that the testator effected a revival of the first will in accordance with the first provision of the statute. In *Matter of Stickney* (161 N. Y. 42, 45) the court, in considering these sections, then known as 53 and 42, said: " Obviously the first sentence of section 53 relates only to the revocation in writing provided for by section 42, and, therefore, to revive a first will under that provision a writing executed with the same formalities as are required for the execution of a will must exist, in which the testator, in express terms, declares his intention to revive and give effect to such former will." Although the precise question for determination in that case was whether oral declarations of the testator to persons who were not witnesses to his will constituted a republication thereof, nevertheless, the court clearly held the revocation must be in writing and executed with the same formalities as required for the execution of a will. The memorandum here does not meet the test there laid down. While the intent of the testator to re-establish the prior will is reasonably clear, there is a failure to observe the statutory requirements. Hence, probate must be denied. Proceed accordingly.