GROSSMAN, PLAINTIFF-APPELLANT, *v.* DIEHM, ADMR., D. B. N., W. W. A. OF JOSEPH P. SLAMEY, DECEASED, SUBSTITUTED DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25950. Decided June 28, 1962.

*Mr. Ronald M. Benjamin* and *Mr. Albert F. Shulman*, for plaintiff-appellant.

*Messrs. Miller & Miller, Mr. John J. Fuerst* and *Messrs. Diehm & Farber*, for defendant-appellee.

(CRAWFORD, P. J., KERNS and SHERER, JJ., of the Second Appellate District, sitting by designation in the Eighth District.)

CRAWFORD, P. J. This appeal on questions of law is taken by plaintiff-appellant from a summary judgment for defendant-appellee.

The substance of the two assignments of error are:

1. The refusal of the court to dismiss defendant's motion for summary judgment at the outset
and

2. The granting of a summary judgment despite the fact that there was a genuine issue of material fact requiring trial.

On January 21, 1959, plaintiff filed her petition upon a promissory note for $5,000.00 and interest allegedly signed by Joseph P. Slamey, now deceased. She alleged the signing of the note on April 15, 1957; that it was due and payable April 15, 1960; that Joseph P. Slamey died and a claim for payment of the note was presented to and rejected by his administrator.

Defendant administrator answered denying any indebtedness on the alleged note and also denying its execution. He further alleged that if executed, the note was without consideration, and concluded with a general denial.

The Summary Judgment Act, as embodied in Section 2311.-041, Revised Code, became effective November 9, 1959. Hence this action was pending before the effective date of that legislation.

Defendant took plaintiff's deposition and filed it in the case. Plaintiff testified therein that over a period of approximately three years she had rendered certain services to the deceased and made expenditures in unknown amounts in his behalf; that she acted voluntarily out of humanitarian motives but that decedent said he would compensate her and on April 15, 1957, delivered to her the note in question.

No affidavits were filed on either side. There is no bill of exceptions. The deposition is in the files although not attached to the transcript. Counsel have stipulated that it may be considered by us. It was apparently considered by the Court of Common Pleas.

In her first assignment of error plaintiff argues that the Summary Judgment Act does not apply because this action was already pending at the effective date of the statute. She, therefore, invokes the provisions of Section 1.20, Revised Code, which reads:

"When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions, or proceedings, civil or criminal. When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings, unless so expressed, nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

Defendant appellee contends that inasmuch as this is an entirely new enactment, no pre-existing statute is thereby "repealed or amended." The case of *Wheeling & Lake Erie Railroad Co.* v. *Toledo Railway & Terminal Co.*, 72 Ohio St., 368, is cited in support.

The Supreme Court subsequently said, "Any change by whatever name it may be called amounts to an amendment." *State, ex rel.* v. *Ach*, 113 Ohio St., 482, page 485. We need not pass upon this distinction because of our view of the nature of the summary judgment act.

This act does not, in our opinion, affect either a vested right or an existing remedy. It deals merely with judicial administration. It was unnecessary, therefore, that the legislature specifically declare that it affected pending actions in order to make it applicable here.

During the long history of Section 1.20, Revised Code, in its present as well as its earlier forms, several courts have held that it does not apply to legislation of this type. Such was the holding in *Young* v. *Shallenberger*, 53 Ohio St., 291, 41 N. E., 518, with regard to a statute changing the method of taking a bill of exceptions (although the court there reasoned that the bill of exceptions pertained to an appeal which it considered

to be a new and different proceeding from the original action). The case of *Warner* v. *B & O Rd. Co.*, 31 Ohio St., 265, held that a statute changing the number necessary for a jury before a justice of the peace did not affect pending actions. *State* v. *Barlow*, 70 Ohio St., 363, 71 N. E., 726, held that the manner of selecting and drawing juries concerns the public rather than the parties in the case, the court stating in the course of the opinion at pages 372 and 373:

"If a person accused of crime has a vested right in the manner provided by the state for the selection of juries then this defendant's rights were invaded by the refusal of the court to sustain his challenge. That such right exists is strenuously insisted upon in argument, but we find no good reason in the briefs of the learned counsel presented in support of the contention. If the change in the law made that criminal which before was not unlawful, or if the new act in any way made it more difficult for the defendant to be guaranteed an impartial jury, or more easy in any way for the state to procure a conviction, or more difficult in any way for the defendant to overturn the case made by the state against him, then there would be force in the proposition of a vested right. But no such result follows the change in the remotest manner. It wholly relates to the machinery by which the proper persons to serve as jurors are to be obtained; the qualifications of the persons selected are to be the same; all the tests of fitness and all challenges for cause are fully preserved."

In *State* v. *Whitmore*, 126 Ohio St., 381, 185 N. E., 547, a newly enacted criminal procedure required the prosecuting attorney, upon application and in a proper case, to furnish defendant a bill of particulars. The court there held the new procedure applicable to a pending prosecution.

It is our conclusion that the Summary Judgment Act is not a remedial statute but one affecting only a change in judicial administration and that therefore it applies to actions pending at the time of its enactment without express legislative provision to that effect.

We are brought then to the second assignment of error, that this was not a proper case for a summary judgment. In granting such a judgment, the court does not find the facts but must determine "that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law."

There are several such issues raised by the pleadings. Beside the pleadings only the deposition is before us. Defendant bases his claim to a summary judgment upon the deposition.

Under the statute plaintiff is entitled to a favorable construction of whatever is presented upon the motion for summary judgment.

If this deposition may be considered, it will be found to support plaintiff's claims in important respects and to disclose nothing fatal to them. It indicates that the note was delivered to plaintiff by the decedent; that services and expenses furnished and incurred by plaintiff and accepted by decedent supplied some consideration; that plaintiff and decedent were not related; that decedent intended to pay and plaintiff was willing to be paid, even though she had acted out of humanitarian motives. The deposition throws light upon the issues; it does not eliminate them.

Defendant argues that plaintiff may not rest upon her pleading alone and that she has failed to submit any affidavit in opposition to the motion. She is the one person completely familiar with the facts. If she herself were to make an affidavit, she would be compelled, according to Section 2311.041, Revised Code, to "set forth such facts as would be admissible in evidence and * * * show affirmatively that the affiant is competent to testify to the matters stated therein." This she could not do, in view of the "Dead Man's Statute" (Section 2317.13, Revised Code), unless it could be said that the mere taking of her deposition opened her lips. The statute does not so provide.

Perhaps she could have set forth her disqualification in the manner provided in Section 2311.041 (E), Revised Code. But she must not be penalized for not making so superfluous an affidavit advising the court of this well established principle of law. The deposition could not be admitted into evidence. We fail to see how the offering of such inadmissible and unavailable evidence can support the motion for summary judgment.

It is exceedingly doubtful that we can properly consider the deposition. It is not one of the original papers, nor contained in the transcript, nor embodied in a bill of exceptions. But inasmuch as counsel stipulated that we might examine it, we

have done so, despite its doubtful status. That examination assures us of the justice of our conclusions.

The second assignment of error is well taken.

The judgment will be reversed and the cause remanded for further proceedings according to law.

KERNS and SHERER, JJ., concur.