SHINN ET, PLAINTIFF-APPELLEES, *v.* PHILLIPS, EXECUTOR, ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26787. Decided April 2, 1964.

154

*Messrs. Rippner & Schwartz, Mr. Jerome W. Moss*, for plaintiffs-appellees.

*Messrs. Phillips & Sharratt, Mr. William B. Saxbe*, attorney General, and *Mr. Neva H. Wertz*, assistant attorney general, for defendants-appellants.

WASSERMAN, J. This is an appeal on questions of law from a judgment entered in the Court of Common Pleas of Cuyahoga County sustaining a motion of plaintiffs for summary judgment.

The testator, Dana T. Burns, died on September 28, 1962. During his lifetime he executed two wills, one dated March 15, 1961, to which a codicil was attached dated October 25, 1961, and a second will dated February 15, 1962. The later will contained a provision specifically revoking all prior wills. Upon the testator's death, his later executed will could not be found, but a carbon copy of his first will, with a typewritten statement attached "The original draft of my last will is in the hands of Attorney Morris Phillips. I have destroyed the will recently drawn by Attorney J. Elmer Narnum." This paper writing was signed by the testator and dated but was not witnessed. The Probate Court admitted the earlier will, together with the codicil, to probate and refused to probate the later dated will under Section 2107.27, Revised Code, as a lost, spoliated and destroyed will, although the Probate Court did find that the contents of the later will had been proven and that the later will had been duly executed. The testator's heirs at law filed a will contest in the Court of Common Pleas. The court found, on motion

for summary judgment, that the unwitnessed, signed paper writing was not effective to revive the testator's earlier will and that the testator, therefore, died intestate.

The defendants-appellants appealed and set forth the following assignments of error:

"1. Plaintiff-Appellees' Motion for Summary Judgment should have been denied.

"2. Order of the Court is contrary to law and against the manifest weight and without sufficiency of evidence."

In a sense the defendants say that the Court of Common Pleas erred in finding that the earlier will was not revived and erred in granting the motion for summary judgment.

Section 2107.33, Revised Code, in part, provides:

"A will shall be revoked by the testator by tearing, canceling, obliterating, or destroying such will with the intention of revoking it, or by some person in such testator's presence, or by such testator's express written direction, or by some other written will or codicil, executed as prescribed by Sections 2107.01 to 2107.62, inclusive, Revised Code, or by some other writing which is signed, attested, and subscribed in the manner provided by such sections. * * *"

Section 2107.38, Revised Code, provides:

"If a testator executes a second will, the destruction, cancellation or revocation of the second will shall not revive the first will unless the terms of such revocation show that it was such testator's intention to revive and give effect to his first will or unless, after such destruction, cancellation, or revocation, such testator republishes his first will."

Section 2107.38, Revised Code, was founded upon Statute I Victoria, Chapter 26, Sec. 22, which provides as follows:

"* * * No will or codicil, or any part thereof, which shall be in any manner revoked, shall be revived otherwise than by the re-execution thereof, or by a codicil executed in manner hereinbefore required and showing an intention to revive the same. * * *."

Commenting upon the Statute of Victoria, Thompson on Wills, 3rd Edition, page 279, Section 180, states:

"In states where the common-law rule and ecclesiastical rules permitting oral republication have been abolished by

the enactment of statutes involving the general principles of the statute of frauds or the Statute of Victoria, the courts have very generally held that the republication of a revoked will can be accomplished only by an instrument executed with the same formalities as required for the execution of a new will. * * *.''

95 Corpus Juris (2d), 93, Wills, Section 301 (b) states:

''* * * In the absence of a republication after revocation, revival can be accomplished only by an intention to that effect expressed at the time of the destruction or other revocation of the subsequent will and it has been held that such intent to revive must be expressed by a written instrument duly executed and attested as required for a will. * * *.''

57 American Jurisprudence, 426, Wills, Section 623, states as follows:

''* * * An intention to revive an earlier will, within the meaning of the rule followed in some jurisdictions that the revocation of a later will shall not revive an earlier will unless it appears by the terms of such revocation that it was the testator's intention to revive and give effect to the earlier will has been held to be sufficiently evidenced by an instrument reading 'I will my first will to be in effect this date, executed and attested, as required by the statute in relation to wills.' * * *.''

55 Ohio Jurisprudence (2d), 642, Wills, Section 212, states:

''* * * The earlier English cases held that wills passing either realty or personalty, after having been revoked, could be revived or republished by parol. Confusion resulted from these cases and the rule was changed by an English statute which provided that no will or codicil which had been revoked in any manner should be revived otherwise than by a re-execution or by a properly executed codicil. An Ohio statute, enacted 2 years after the English legislation, although worded somewhat differently, has been said by the Supreme Court to have been in effect an adoption of the English act. Accordingly, once a will has been revoked in Ohio it does not regain its potential to become the last will of the testator unless there have been later acts which, in fact, conform to the formalities required for the execution of wills.''

Further, in 55 Ohio Jurisprudence (2d), 647, Wills, Section 217, the following is stated:

"* * * The intention of the testator to revive the earlier will must be gathered from an instrument executed as a will. * * *."

See also Page on Wills, Bowe-Parker Revision, Vol. 2, page 445, Section 21.56, where, in part, it is stated:

"* * * Republication is equivalent to re-execution or recognition by a subsequent codicil, and is not a second publication in the limited sense. Unless the first will is duly executed again after the second will is revoked, the first will is not effective."

Also, in the same volume, at page 573, Section 23.1, it is stated:

"Republication is only accomplished by a complete re-execution of the will, in which all of the statutory formalities of original execution are complied with, or by the making of a subsequent properly executed codicil to the earlier will. * * *."

The New York Statute which is similar to that of Ohio is Section 41 of the Decedent Estate Law which provides as follows:

"If after the making of any will, the testator shall duly make and execute a second will, the destruction, cancelling or revocation of such second will, shall not revive the first will unless it appears by the terms of such revocation, that it was his intention to revive and give effect to his first will; or unless after such destruction, cancelling or revocation, he shall duly republish his first will."

*In re O'Donovan's Will*, 168 Misc., 362, 6 N. Y. S., 2, 456, in interpreting the above statute, it was held:

"Under statute providing for the revival of a prior will on revocation of a later will if it appears by the terms of the revocation that it was testator's intention to revive and give effect to prior will, a writing executed with the same formalities as are required for the execution of a will must exist, in which the testator in express terms declares his intention to revive and give effect to prior will."

See also *In the Matter of the Will of Stickney*, 161 N. Y., 42, 55 N. E., 396.

In the case of *Collins* v. *Collins*, 110 Ohio St., 105, at page 125, 143 N. E., 561, the court quoted Judge Rockel in his work on Ohio Probate Practice, (2d) Ed:

" 'The question might arise what is meant by the statute

when it says "unless it appear by the terms of such revocation that it was his intention to revive and give effect to his first will." How is this intention to be manifested? It seems taking into consideration the entire policy of the statute of the wills that this intention can only be made effective if it is done in writing, and in the same manner that a new will might be executed. In other words, that when a will is once revoked it cannot be revived except it be in effect re-signed, re-witnessed and republished.' "

Paragraph one of the syllabus of the *Collins case* reads:

"1. To constitute a valid revivor of a revoked will, under Section 10562, General Code, the testator must acknowledge the instrument to be his last will before the witnesses who have already signed his will, or, if before other witnesses, then these witnesses must sign the will at the request of the testator, or testator and two witnesses must sign some other written instrument showing such intent; or such testator must republish his will with the same formalities as attended its original execution and publication."

Judge Day, speaking for a unanimous court, stated at page 127:

" * * * If a separate written instrument is relied upon to show such intention to revive the revoked will, that instrument should be signed and acknowledged by the testator in the presence of the witnesses who sign the same."

And at page 123, it is said:

" * * * Any other rule would be in conflict with the obvious spirit and purpose of the statute, and would destroy the safeguards against fraud and improvidence by which the making and publication of wills have been so carefully guarded."

We, therefore, hold that while the testator declared his intention to revive his earlier will and codicil in an unwitnessed paper writing, he failed to comply with the formal requirements for the re-execution of a will and codicil. To hold otherwise would be to reverse the Supreme Court in the case of *Collins* v. *Collins, supra.*

We find the court did not err in holding that the earlier will was not revived.

Under these circumstances, did the court err in its ruling on the summary judgment?

Section 2311.041, Revised Code, effective November 9, 1959, was passed in order to aid in the speedy disposition of litigation without unnecessary expense and delay. See 50 Ohio Jurisprudence (2d), 448, Summary Judgment, Section 2, wherein it is stated:

"A summary judgment is a judgment that can be rendered from an examination of the pleadings and without a formal trial. The essence of a motion for summary judgment is that there is no bona fide factual dispute between the parties, and one of the parties, the movant, is entitled to a judgment as a matter of law. Thus, summary judgment procedure is a method for the proper disposition of actions in which there is no genuine issue as to a material fact. * * *."

See *Grossman* v. *Diehm*, 89 Ohio Law Abs., 484, 183 N. E. (2d), 638.

In the case at bar there is no dispute as to the facts. There is nothing for a jury to determine. Therefore, the contention of the defendants that the case must be tried to a jury under Section 2741.04, Revised Code, is without merit. Section 2741.04, Revised Code, must be read in conjunction with Section 2311.04, Revised Code, which provides:

"Issues of law must be tried by the court, unless referred as provided in Sections 2315.26 to 2315.36, inclusive, Revised Code. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference is ordered as provided in such sections.

"All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred."

Again, in 50 Ohio Jurisprudence (2d), 449, Summary Judgment, Section 5, we find:

"The statute providing the summary judgment remedy makes it clear that the remedy is available in any civil action, including an action for a declaratory judgment. Availability of relief by way of summary judgment depends, not upon the character of the action in question, but upon the absence from the controversy of any 'genuine issue as to any material fact.' * * *."

The substance of the summary judgment remedy is that

"There is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In the instant case, there is no question that the testator intended to revive his earlier will, the only question is whether he used the legal requirements for expressing his intention. Thus there is no dispute as to any material fact, only a dispute as to law, and therefore, a proper case for summary judgment.

Were there no summary judgment proceedings available, the Court of Common Pleas would have to instruct a jury to bring in a verdict setting aside this earlier will of the testator. 55 Ohio Jurisprudence (2d), 832, Wills, Section 454, states:

"Under the Ohio decisions when the facts are not in dispute, it is the duty of the court to determine, as a matter of law, from the will itself, whether or not it was executed and attested in compliance with the requirements of the Code. If the court determines that it was not properly executed, there remains no question for a jury to determine, and it becomes the court's duty, on motion, to direct a verdict setting aside the will. * * *."

We, therefore, hold that the Court of Common Pleas did not err in entering judgment for the plaintiffs upon their motion for summary judgment.

Judgment affirmed.

Exceptions noted.

A journal entry will be prepared in accordance with the foregoing.

KOVACHY, P. J., and ARTL, J., concur.