## Maginn's Estate.

*Wills—Probate—Detached pages—Internal sense—Fraud.*

1. To entitle separate loose sheets of paper to be probated as a will they must be identified by their internal sense and by coherence or adaptation of parts.

2. The order of the connection of the different pages must appear upon the face of the will, and cannot be established by extrinsic evidence; and it must be a will executed as directed by the act of assembly.

3. A page containing the appointment of executors and signed by testator and witnesses, cannot be probated where it appears that the page began with the word "and," showing that the page was a continuation, and also included the words "the testator above named," although the page contained no such reference to testator.

4. Nor, in a case where there are several typewritten pages, will the last page and the first page be probated, although the first page recites that some one bearing the same name as the testator named in the last page makes this his will, and follows with numerous complete pecuniary bequests, but where there is no internal sense connecting these pages.

5. To probate such pages as a will would expose estates to the perils of fraud.

Justices KEPHART and SCHAFFER dissented on the ground that at least the first and last pages should have been probated.

Argued October 15, 1924. Appeal, No. 149, Oct. T., 1924, by the Diocese of Pittsburgh, St. Paul's Orphans' Asylum, Diocese of Dromore, Ireland, Daniel Caulfield, Legatees under will of Daniel Maginn, deceased, and Daniel Caulfield and Daniel F. Crawford, surviving executors, from decree of O. C. Allegheny Co., Feb. T., 1924, No. 360, sustaining appeal from register of wills, admitting will to probate in estate of Daniel Maginn, deceased. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from register of wills.

From the record it appeared that the register of wills admitted to probate three separate pages alleged to be the will of Daniel Maginn.

MILLER, P. J., at the hearing dismissed the appeal. On exceptions the court in banc reversed the decision of the trial judge, and sustained the appeal. (Opinion by TRIMBLE, J.) Other facts appear by the opinion of the Supreme Court, and by the report in Maginn's Est., 278 Pa. 89. Diocese of Pittsburgh et al. appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Frank C. McGirr,* with him *Edwin W. Smith* and *Charles D. Gillespie,* for appellant.

*Charles A. Fagan, Jr.,* with him *Leo M. Dillon* and *Charles A. Fagan,* for appellees.

*Aronson & Aronson,* for Edward J. Maginn and M. E. Maginn, appellees.

OPINION BY MR. JUSTICE WALLING, December 1, 1924:

This appeal is from a decree of the orphans' court setting aside the probate of three separate typewritten sheets or pages as the last will of the late Daniel Maginn, of Pittsburgh. The three pages so rejected are a part of seven, the probate of which was set aside by this court in Maginn's Est., 278 Pa. 89. The facts are fully stated there and need not be repeated. In dismissing a petition to modify that decree we made an explanatory order as follows: "Now, to wit, Dec. 7, 1923, The opinion in this appeal was only intended to decide and in fact did only decide, that the combined pages presented to the register and to the court were not entitled to probate as a will. Our decision did not decide that the page actually signed by the testator could not be probated as no such question was raised in the record before us. Our decision, therefore, does not prevent the executors from making proper application for probate of the page actually signed by the testator, or any other page connected thereto by its internal sense; this order must not be understood as indicating any view of the law on our part. For this reason alone we dismiss the petition." Our desire was to give the proponents an opportunity to show, if possible, that any part of the so-called will was entitled to probate. Thereafter three of the seven pages were probated by the register of wills, which probate

was set aside by a decree of the orphans' court; therefrom proponents have appealed.

To entitle separate loose sheets of paper to be probated as a will they must be identified by their internal sense. As stated in Seiter's Est., 265 Pa. 202: "A will may be made on separate pieces of paper, but when so made they must be connected by their internal sense, by coherence or adaptation of parts, to constitute a will. The order of connection must appear upon the face of the will, it cannot be established by extrinsic evidence; and it must be a will executed as directed by the act of assembly." And see Stinson's Est., 228 Pa. 475; Baker's App., 107 Pa. 381. Here appellants' case fails, for there is no internal sense connecting the first sheet with the second or the second with the third or the first with the third. There is no reference or recital to indicate they are connected the one with the other. The sheets are not numbered, and it is reasonably certain the second of the three sheets did not originally join the third, for as found after Maginn's death, four sheets came between them. How then can the three, having no internal connection, be probated as a will? At best they express but a fragment of the testamentary intent, while one omitted page entirely modifies a $5,000 bequest contained in those probated. The three pages do not disclose the testator's completed testamentary purpose: Churchill's Est., 260 Pa. 94. The first of the three pages, as probated, begins as follows: "In the name of God, Amen, I Daniel Maginn, of Pittsburgh, Pa., make this my will"; followed by a large number of pecuniary bequests. The second page does not contain the name of the testator and in no manner refers to the first or third pages, or to the contents of either. The will on its face would be just as complete with the second page omitted and that page would fit just as well in any other will. Why it should be included and two other of the seven pages, found under like conditions and also containing pecuniary legacies omitted, it is hard to conceive, and had those two other like

pages been added to the probate, then practically the entire so-called will would be treated as valid in the face of our decision to the contrary. There is no controlling difference between this case and that presented on the former appeal and it is not necessary to repeat here what is there so comprehensively stated by Mr. Justice KEPHART.

The sheet found on the top of the seventh, and the last of the three, as probated, is as follows: "And I do hereby make constitute and appoint, Michael Mackin, Daniel Caulfield, and Daniel F. Crawford, to be executors of this my last will and testament,

"In witness whereof I Daniel Maginn the testator above named, have hereunto subscribed my name and affixed my seal, Fourteenth day of August, in the year of our Lord one thousand nine hundred and twenty.

"Daniel Maginn seal";

followed by a duly witnessed attestation clause. At first glance this page would seem entitled to probate; for a will merely naming executors is valid: 40 Cyc. 1078. An examination, however, discloses the fact that this page was not intended as the will. It begins with the word "And" showing that it was a continuation. It also refers to "the testator above named," which indicates a preceding page or pages. We also know from the evidence it was found with six other pages of testamentary import, so to designate this page as Daniel Maginn's last will would be contrary to the fact. It would be unsafe to probate a single page of a will, which on its face disclosed other pages, as the one might be modified by the others. For example, a clause appointing executors might be modified by another requiring them to give bond or serve without compensation.

Undoubtedly there may be a case where certain provisions of a will are valid and others invalid, in which the former may be probated and the latter not (40 Cyc. 1080); but here all of the loose typewritten pages, except that signed by the testator to which we have just

referred, were on a par and it was purely arbitrary to drop out some and offer the others for probate. To permit this to be done would expose estates to all the perils which our former decision is intended to guard against.

We express no opinion on the question of res adjudicata.

The decree is affirmed and appeal dismissed at the cost of the estate.

DISSENTING OPINION BY MR. JUSTICE KEPHART:

Without undue discussion, it is my opinion that at least the first and last pages offered for probate were so connected by their internal sense as to express and constitute the last will of Daniel Maginn. For this reason I would probate these two pages.

Mr. Justice SCHAFFER: I join in this dissent.