# Fisher's Estate.

*Wills—Probate—Detached papers—Internal sense—Possibility of fraud.*

1. Though separate papers may be joined and probated as a will, provided it clearly appears that they were intended to be used as a finished whole, the real desire of the decedent must be made to appear, and the facts proven must eliminate the possibility of the commission of fraud or that any alteration in the written words had been made.

2. Various papers found in an envelope will not be admitted to probate as a completed will, where it appears that they were not connected properly by their internal sense or by coherence of the various parts, but on the contrary that sections had been removed, and that the envelope was open, when removed from its place of deposit, by the person named as executor.

Argued March 25, 1925. Appeal, No. 40, March T., 1925, by Luella C. Fisher, niece of decedent, from decree of O. C. Cambria Co., No. 14125, dismissing exceptions to adjudication, in estate of Annie C. Fisher, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before REED, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Luella C. Fisher, niece of the decedent, appealed.

*Error assigned* was decree, quoting record.

*J. C. Davies,* with him *Francis A. Dunn,* for appellant, cited: Wikoff's App., 15 Pa. 281; Baum's Est., 260 Pa. 33.

*A. Lloyd Adams,* for appellee, cited: Baker's App., 107 Pa. 381; Seiter's Est., 265 Pa. 202; Teed's Est., 225 Pa. 633; Taylor's Est., 230 Pa. 346; Maginn's Est., 278

Pa. 89; Swire's Est., 225 Pa. 188; Knox's Est., 131 Pa. 220; Heise v. Heise, 31 Pa. 246; Churchill's Est., 260 Pa. 94.

OPINION BY MR. JUSTICE SADLER, April 13, 1925:

To the register of wills of Cambria County there were presented certain papers, alleged to be the last testament of Annie C. Fisher, who died on March 31, 1923, and, as a result, a dispute arose which was later certified to the orphans' court, and it, after careful consideration, refused probate. Briefly stated, the facts made apparent at the hearing are as follows: The decedent was the renter of a safe deposit box in the Johnstown Trust Company. When she died, a brother-in-law, one Byron, opened it, as he had done before, and found therein an unsealed envelope containing writings, supposedly constituting the expressed desires of Miss Fisher as to the disposition of her property, and the fact that it was so intended would appear from the endorsement thereon. In the package were found various papers, including exhibits 1 to 5, by which bequests of certain assets were made. The first sheets were not fastened together, and the physical aspect indicated that they had never been attached to the last page, where the attesting clause of testatrix appeared. The property attempted to be given by the decedent was set forth in numbered paragraphs, but apparently those denominated as three, on page one, and seven, on page two, were cut off. What they provided, we have no means of knowing. An attestation clause was found on both numbers four and five, and there was also found in the box a sealed instrument (No. 6), being a letter to Byron, in which reference was made to the fact that he had been named as executor of her estate. Without any intention of imputing wrongdoing to him, it must be noted, as this record stands, that he had access to the place of deposit, where the papers were found, for a considerable time prior to the death of the sister-in-law, and that the contents of

the envelope were earlier exhibited to another, who appeared as a witness. His right to examine what the box contained is not, however, a matter of dispute, since a power of attorney had been given with this thought in mind.

The envelope, containing the supposed will, was opened, and the papers therein were found not joined together so as to form a connected document. Indeed, the court below was fully justified in finding that Miss Fisher had prepared the first four pages at some date after the signature had been executed on the last, for no marks appeared which would lead to the belief that they had ever been attached to page five, or to the cover, both of which showed well defined holes, evidently made by an eyelet machine. There is no necessity to hold that any fraud was practiced or attempted, but it is sufficient, for present purposes, to say that the possibility of the commission of such was shown. Under these circumstances, the paper presented was rightfully rejected as a last will, there being nothing to indicate that it was the completed expression of the intention of the testatrix, the various papers not being connected properly by their internal sense, or "by coherence or adaptation of their various parts" (Gibson, J., in Wikoff's App., 15 Pa. 281), but showing, on the contrary, that sections had been removed. As noted, two of the paragraphs were cut from the sheets found, and the others had not been put together so as to make clear that a completed instrument had been prepared. Page 1 consists of a half sheet of legalcap paper, and contains the first and second ideas of the writer; page 2 includes sections 4, 5 and 6, section 3 being missing, and this portion having been plainly cut off with some sharp instrument. There follow, on page 3, evidently reduced from its original proportions by seven inches, numbers 8, 9 and 10, section 7 being absent. Page 4 shows a half sheet only, which is followed by the attestation clause, repeated on page 5, with the names of witnesses added.

Though separate papers may be joined and probated as a will, provided it clearly appears they were intended to be used as a finished whole (Wikoff's App., 15 Pa. 281), the real desire of the decedent must be made to appear, and the facts proven must eliminate the possibility that any alteration in the written words had been made: Baker's App., 107 Pa. 381; Seiter's Est., 265 Pa. 202; Baum's Est., 260 Pa. 33.

"It is true a will may be written on several detached or loose sheets of paper, and, while there may be confusion in the order of arrangement, if they can be coherently read as a will, that is, contain nothing incongruous or out of harmony in the general conception as a will, or if the several parts suit, fit in and are adaptable as a will, it will be given effect, provided the several pages be connected by their internal sense": Maginn's Est., 278 Pa. 89, 93. But this rule cannot apply where it is apparent that something has been omitted which the decedent may have intended to include: Maginn's Est., 281 Pa. 514. In the present case, the envelope containing the various alleged testamentary pages was open when removed by the person named as executor, and two paragraphs of the numbered writings were cut off when the papers were offered for probate. There was thus disclosed such chance of mistake as to fully justify the court in sustaining the complaint of the caveator.

The decree is affirmed at the cost of appellant.