RENDERED: JULY 16, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0272-MR

PHILIP WILLETT; CASEY E.
GOATLEY; AND JOSEPH GOATLEY                    APPELLANTS


                  APPEAL FROM HICKMAN CIRCUIT COURT
v.                HONORABLE TIMOTHY A. LANGFORD, JUDGE
                  ACTION NO. 18-CI-00034


THE ESTATE OF FRANCES J.
VESSELLS[1]; BARBARA J. WILLETT;
CRAIG WILLETT; ELLEN B. DAVIS;
LYNN BERRY; ROSEMARY
PLUSKAT; AND VIVIAN TIEMANN                    APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CALDWELL AND COMBS, JUDGES.

---

[1] Throughout the record, the last name of the decedent was spelled "Vessells." Despite this, the Hickman Circuit Clerk entered the name as "Vessels" in the case management system and the Clerk of this Court erroneously followed suit. Ms. Vessells' own signature on her form will indicates the proper spelling of the surname.

CALDWELL, JUDGE: This case presents the question of the validity of a form will and several pages of bequests handwritten by the decedent with several of these pages signed at the top of the page. The circuit court found the documents together should be properly considered a valid will and codicils. The heirs at law appealed, and we reverse and remand.

## **FACTS**

Frances Vessells, a resident of Fancy Farm in Hickman County, Kentucky, died on June 1, 2017, at the age of 87 years. Her husband, John Vessells, predeceased her in July of 2016. His estate was not probated as the couple owned everything as joint tenants with rights of survivorship, meaning that Mrs. Vessells gained ownership of all the couple's possessions and property at his death. The couple had no children.

Several documents were located after Mrs. Vessells' death and were presented to the Hickman District Court for a determination of whether the documents could properly be considered testamentary. A hearing was held in the district court wherein Barbara Willett, one of the Appellees herein, testified to having assisted Mrs. Vessells as she aged. Ms. Willett described how she found the form will in a safe deposit box at a local bank, after having located the key in a lockbox in a closet at the decedent's home after Mrs. Vessells' passing. Also found in that safe deposit box were the purported testamentary documents written

in the decedent's hand listing nine names and entitled "Sixty Percent to names Residual Bequest." The first of two pages of names was signed by Mrs. Vessells at the top of the page. A third page, found at the home in the lockbox, was entitled "Specific Bequests" and listed several bequests of family heirlooms to two persons and was likewise signed at the top of the page. The last page, also found in the lockbox at the home, was entitled "Things Barbara should know" and listed Mrs. Vessells' wishes for her funeral service, including music and which dress she wanted to wear for her burial. This page also directed that her house and contents be sold, and any proceeds thereof should be given to a charity of Barbara Willett's choosing. This page was not signed.

Despite several appearances and the aforementioned hearing, the district court never entered an order adjudging the validity of any of the testamentary documents presented to it. It did, however, appoint an administrator and signed an order allowing for real estate owned by Mrs. Vessells to be sold as part of the estate.

In 2018, a petition for declaratory relief was filed by the administrator in the Hickman Circuit Court seeking an order concerning the validity of the testamentary documents found by Ms. Willett and requesting that the circuit court determine who should inherit from the estate. As counsel for the estate pointed out, the form will, regardless of its ultimate validity, left all assets of the estate to

John Vessells, who had predeceased the decedent, and he was without issue. This created a question of whether the persons named on the handwritten sheets found in the lockbox should inherit or whether those documents should be declared invalid and the heirs at law inherit the intestate estate.

The circuit court did not issue findings of fact and conclusions of law and an order until January of 2020. In the order ultimately issued, the circuit court held that the form will was properly executed, having been signed by the decedent at its end and attested to by two witnesses. However, the court held that form will failed to be effective in that it left everything to Mr. Vessells, who had predeceased the decedent, and who had passed without issue.

The circuit court held that the decedent sufficiently evinced testamentary intent when she referred to "a separate sheet of paper" in the form will and stated she "hoped" her husband would follow her wishes found therein. The circuit court noted that the separate sheets of paper found in the safe deposit box were signed by her twice, at the top of first of the two sheets of paper—which listed nine beneficiaries—and at the top of the page entitled "Specific Bequests."

The circuit court concluded that all of the documents together constituted a valid will and codicil. The court held that sixty percent (60%) of her estate, less the specific bequests of family heirlooms, should be distributed to the

nine named beneficiaries in the "codicil" and the remaining forty percent (40%) should pass by intestacy.

Those heirs at law who would have inherited her entire estate through intestacy appealed this determination to this Court. We hold that the circuit court erred when it declared the handwritten sheets of paper, not subscribed by the decedent, to be valid codicils and remand this matter to the Hickman Circuit Court for an order declaring Mrs. Vessells died intestate and that the Hickman District Court should probate her estate in accordance thereto.

## STANDARD OF REVIEW

"In a declaratory action, findings of fact are reviewed under a clearly erroneous standard, and conclusions of law are reviewed *de novo*." *Big Sandy Co., L.P. v. EQT Gathering, LLC*, 545 S.W.3d 842, 844 (Ky. App. 2018) (citing *Baze v. Rees*, 217 S.W.3d 207, 210 (Ky. 2006)).

## ANALYSIS

As stated above, Mrs. Vessells executed a form will in 2015 leaving everything to her husband. However, he predeceased her, and the will contained no residuary clause and named no alternate beneficiary in the event her husband predeceased her, as he did. Because the form will did not appoint an alternate beneficiary or beneficiaries or otherwise address who should inherit her estate

should her only named beneficiary, her husband John, predecease her, the will is of no consequence.

The anti-lapse statute, Kentucky Revised Statute (KRS) 394.400,[2] does not assist us here as that statute only is applicable when the predeceasing beneficiary left issue, which John Vessells did not. Thus, either Mrs. Vessells' estate shall pass by intestacy, or the pages found by niece Barbara Willett shall be considered a proper holographic will and in accordance therewith, sixty percent (60%) of her estate shall be distributed equally to those named therein. We find the circuit court incorrectly deemed the handwritten pages to be valid codicils as they were not "subscribed" by the decedent as required by law.

The district court, after hearing testimony from Barbara Willett and another witness who verified the decedent's handwriting, correctly surmised that the validity of the testamentary documents would "come down to" the placement of the signature on the handwritten documents. The circuit court's order does not take placement into consideration.

> It is our opinion that the trial judge correctly held that the purported will was not executed in conformity with the statutory requirements, particularly the requirement of

---

[2] KRS 394.400 provides:

> If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will.

-6-

KRS 446.060 that the signature be 'subscribed at the end or close of the writing.'

This court has said that the purpose of the requirement that the testator's signature be at the end or close of the will is 'to indicate that his testamentary dispositions had been fully and completely expressed.' *Lucas v. Brown*, 187 Ky. 502, 219 S.W. 796. Page says that the purpose of such a requirement is 'to do away with the necessity of inquiring into the actual intention of the testator in writing his name in the body of the will, and to avoid inquiry as to whether the instrument in question is intended as a preliminary draft or as a final and complete instrument.' 2 Bowe-Parker, Page on Wills, Section 1953, pages 153, 154. The Pennsylvania court has said that the purpose is 'to indicate that it was the completed expression of the intention of the testatrix.' In re Fisher's Estate, 283 Pa. 282, 129 A. 90.

It appears clear that the statute admits of no substitute for the proper placing of the signature as evidence of the completion of the testator's testamentary expression. The fact that the intention of the testator of making a completed testamentary disposition may be clear from other evidence, such as oral declarations or the placing of the signature on the outside of a sealed envelope containing the testamentary papers, is of no avail. *Miller's Ex'r v. Shannon*, Ky., 299 S.W.2d 105; *Hall v. Edds*, Ky., 305 S.W.2d 317.

*Teater v. Newman,* 472 S.W.2d 696, 699 (Ky. 1971).

The need to sign a testamentary document at its end is of consequence, to ensure that nothing has been added to the document that was not the intention of the decedent. "Generally, a will is deemed signed at the end or at the close if the clauses following the testatrix's signature are neither dispositive of

the estate nor essential to the validity of the will." *Bennett v. Ditto*, 204 S.W.3d 145, 147 (Ky. App. 2006) (citation omitted). Here, the signatures appeared *before* what can only be considered as dispositive clauses. KRS 446.060(1) clearly states that "[w]hen the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end or close of the writing."

We hold that the notebook pages which contained both "Residual Bequests" and "Specific Bequests" were not subscribed so as to be properly considered the decedent's holographic will or codicils to her properly executed, but ineffective, form will. KRS 394.040. Thus, we find that the circuit court erred and reverse its order and direct that it remand this matter to the district court for probate following the laws of intestate succession, as the valid form will has lapsed due to Mr. Vessells' predeceasing Mrs. Vessells without issue, in compliance with KRS 391.010; KRS 391.030; KRS 391.035.

ALL CONCUR.

BRIEF FOR APPELLANTS:                    NO BRIEF FOR APPELLEES.

Jesse E. Wright
Mayfield, Kentucky